BONDURANT *VS.* LANE.

1. Upon a suggestion against a sheriff, that the money could have been made on an execution, by due diligence, the measure of damages, is the amount of the judgment, and interest thereon, to the time of the issuance of the execution, together with ten per cent. on that amount.

Error to Marengo Circuit court.

Notice to the sheriff.

This was a motion against the sheriff and his sureties. The defendant in this court, (plaintiff below,) suggested that the money could have been made on the execution, by due diligence. An issue being made up *to try the* fact, the jury found for the plaintiff below, and the court rendered judgment against the sheriff and his sureties, for the amount specified in the execution, together with interest thereon to the rendition of the judgment, and also ten per cent. damages on that amount.

*Murphy*, for plaintiff in error.

ORMOND, J.—The only assignment of error necessary

to be noticed, is the one which questions the liability of the sheriff, for interest which may have accrued after the execution came to the sheriff's hands.

In cases of this description, the act declares, that the sheriff and his sureties shall be liable " for the sum of money *specified* in the execution, together with ten per cent. on the amount of said execution, as damages, and also the costs of suit." This is a penal statute, and, according to well established principles, cannot be extended beyond the fair import of its terms. *The amount speci- fied in the execution,* cannot include the interest which may have accrued up to the time of the trial of the motion against the sheriff, unless we extend the statute, by construction, beyond its letter.

The terms employed by the Legislature, may, we think, include the interest which had accrued at the time the execution was issued, which period will always appear from the writ itself; and as the execution, either in its body, or by the endorsement of the clerk, will show when the judgment was rendered, the judgment, and the interest accruing since its rendition, is the amount specified in the execution. Had it been the intention of the Legislature, not to charge the sheriff with any interest, after the rendition of the judgment, it is not probable they would have referred to the execution, as a criterion of the amount for which he was to be liable, but would have taken the judgment itself, as the measure of damages. Had they designed to charge the sheriff with all the interest accruing at the trial of the motion, the terms, *amount specified in the execution,* would not be very appropriate to signify such intention.

Bondurant *vs.* Lane.

No injury can accrue to the plaintiff, from this construction of the statute. It is always in his power to make the motion at the return term of the execution, when he will, under the construction we put on the statute, recover the amount of his judgment and interest, and six per cent., in addition, as damages : a contrary construction would enable plaintiff to lie by for years, and saddle the sheriff, not only with the amount of the judgment and interest, but with ten per cent. on such aggregate amount. We cannot, in a case of this character, by construction, enlarge the penalty.

Let the judgment of the court below be reversed, at the cost of the plaintiff in error, and judgment be rendered in this court, for the amount of the judgment of the court below, and interest thereon, to the time of the issuance of the execution, together with ten per cent. on that amount, as damages.